UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-191-TBR-LLK

SUSAN D. ABANATHY,                                                                               PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY,                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff Susan Abanathy brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's decision to deny her claim for Social Security disability benefits. [R. 1.] The Court referred the action to Magistrate Judge King for a report and recommendation pursuant to 28 U.S.C. § 636. [R. 7.] The Magistrate Judge recommended that the Court affirm the Commissioner's final decision and dismiss Abanathy's Complaint. [R. 22.] Subsequently, Abanathy filed an Objection to the Magistrate Judge's Findings of Fact and Conclusions of Law and Recommendation, [R. 24], and the Commissioner responded, [R. 26.] Having reviewed the Administrative Record, the parties' submissions, and the applicable law, the Court will **ADOPT** the Magistrate Judge's Report and Recommendation, [R. 22], and **OVERRULE** Abanathy's Objection, [R. 24]. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

## BACKGROUND

On October 1, 2013, Abanathy filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income. [R. 11-2 at 11 (ALJ Decision).] After these claims were denied, Abanathy was granted a

1

video hearing in front of an Administrative Law Judge (ALJ) on June 1, 2016, where an impartial vocational expert appeared. [*Id*.]

The ALJ denied Abanathy's claims in a decision dated September 15, 2016. [*See generally Id*. at 11-19.] Using the traditional five-step evaluation for disability benefits, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ made the following findings: First, Abanathy had not engaged in substantial gainful activity since July 1, 2013. [*Id*. at 13.] Second, Abanathy has the following severe impairments: degenerative disc disease in the lumbar spine, essential hypertension, GERD, and diabetes mellitus, type II. [*Id*. at 14.] Third, Abanathy's impairments do not meet or medically equal one of the Commissioner's recognized impairments. [*Id*.] Fourth, Abanathy has a residual functional capacity (RFC) to perform medium work, and she is capable of performing past relevant work as a fast food worker, deliverer, hostess, and housekeeper. [*Id*. at 14, 17.] Finally, the ALJ concluded that Abanathy is not disabled under sections 216(i) and 223(d) of the Social Security Act. [*Id*. at 19.]

On October 24, 2017, the Appeals Council denied Abanathy's request for review of the ALJ's decision. [*Id*. at 2.] Abanathy then filed a Complaint with this Court for judicial review of the Commissioner of Social Security's decision to deny her claim for Social Security disability benefits. [R. 1.]

## LEGAL STANDARD

It is well-settled that the Court reviews the objected-to portions of a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Its review of the Commissioner's determination is, of course, more deferential. *See* 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The scope of that inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the

ALJ applied the correct legal standards." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley*, 581 F.3d at 405–06). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently, *see Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc)." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011). "[H]owever, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## DISCUSSION

As recited above, the scope of this Court's inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller*, 811 F.3d at 833. Thus, the Court will address the arguments of Abanathy's Objection as they apply within this inquiry. First, Abanathy contends that the ALJ's RFC was not supported by substantial evidence. [R. 24 at 8-10, 15-16 (Abanathy Objection).] Second, Abanathy asserts that the ALJ failed to follow and apply required legal standards. [*Id*. at 11-15.] The Court will address each argument in turn.

### A. Whether the Findings of the ALJ are Supported by Substantial Evidence

Abanathy contends that the ALJ concluded that she is capable of medium work activity "solely because [a] non-examining MD of unknown qualifications signed off on a form previously authored by a lay decisionmaker (AR 100-102, 113-116) saying that she could do so." [R. 24 at 9.] Moreover, Abanathy asserts that "this approach does not consider the record as a whole or the relevant medical facts critical to this particular case and Ms. Abanathy's particular pain-producing causative factors." [*Id.*] If the ALJ only cited to a non-examining doctor's findings as support, perhaps the Court would agree that the findings of the ALJ were not supported by substantial evidence. However, that is not the case, as the ALJ references evidence throughout the record in support of its findings.[1]

It is true that the Sixth Circuit has suggested that ALJs should be cautious when confronted by a medical opinion prepared by a non-examining physician. *See Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 650 (6th Cir. 2011) (questioning the opinion of a non-examining physician that failed to cite to objective medical evidence and came to a conclusion contrary to that of his findings); *Sutton v. Berryhill*, No. 517CV00007GNSLLK, 2018 WL 1508596, at *3 (W.D. Ky. Mar. 27, 2018) ("The Court's conclusion that the ALJ's finding is not supported by substantial evidence is underscored by the fact that the ALJ only credited a portion of a medical opinion prepared by a *non-examining* physician who appears to have done nothing more than adopt the lay opinion of Bragg in its entirety"). However, the ALJ did not solely rely on the opinion of the non-examining physician, Dr. Jack Reed, in its findings. In fact, in the ALJ's analysis alone, she referenced evidence throughout the record from a variety of medical

---

[1] Citing *Gayheart v. Commissioner of Soc. Sec.*, Abanathy also claims that "the ALJ failed entirely to scrutinize the non-examining medical opinion or parts thereof and inversely applied greater scrutiny to Dr. Malla's opinions." [R. 24 at 15 (citing *Gayheart*, 710 F.3d 365, 379-80 (Sixth Cir. 2013)).] Abanathy fails to further explain or point to any specific examples in support of this argument. Furthermore, unlike the ALJ in *Gayheart*, the ALJ here provided "good reasons" for why Dr. Malla's opinions failed to meet at least the second prong of § 404.1527(c)(2), i.e., the opinion is "not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2).

professionals, including the treating physician, Dr. Yogesh Malla.[2] First, she cited the imaging performed in 2013 at Lourdes Hospital that revealed "early degenerative changes, with no acute radiographic abnormalities of the lumbar spine." [R. 11-7 at 251 (Lumbar Spine Image Impression).] Second, the ALJ referenced reports from December 2014 and February 2015 from Dr. Malla and Kathy Long, ARNP, respectively, at the Pain Management Center, which stated that Abanathy "is doing fine with the medication management with more than 50% relief," "she reports her back pain is stable," and that she experienced more than 50% pain relief with medication. [*Id.* at 336, 338 (Pain Management Center Records).] Third, the ALJ cited an August 2015 report from Long which listed that her back pain was stable and "no physical disabilities noted," as well as a December 2015 report from Long of 50% relief of back pain with medication therapy, even when Abanathy reported that her back pain had been worse. [*Id.* at 402, 437-38 (Pain Management Center Records).] Thus, the assertion that the ALJ solely relied on the opinion of Dr. Reed without considering the record as a whole is incorrect.

Abanathy also boldly claims that there is "simply no evidence that arises to the standard of substantial evidence that indicates the capacity to sustain the demands of medium work on a sustained basis as defined by 20 CFR 404.1567 and otherwise in the applicable legal standards." [R. 24 at 8-9.] As explained above, "'[s]ubstantial evidence' means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). Furthermore, "[t]he substantial evidence standard is less exacting than the preponderance of evidence standard. If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (internal

---

[2] Although the parties dispute whether Dr. Malla was a "treating physician," the ALJ referred to him as such within her decision. [R. 11-2 at 15.]

5

citations omitted). Here, the ALJ relied on reports from medical staff throughout the record, including Dr. Malla and Dr. Reed. Thus, the Court finds that the ALJ relied on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley*, 560 F.3d at 604; *see also Francis,* 414 F. App'x at 805 (holding that the ALJ correctly assigned no weight to a treating physician when "the ALJ cited the opinion's inconsistency with the objective medical evidence, [plaintiff]'s conservative treatment and daily activities, and the assessments of [plaintiff]'s other physicians"); *Gaskin v. Comm'r of Soc. Sec.,* 280 F. App'x 472, 475 (6th Cir. 2008) (collecting cases in which ALJ correctly refused to defer to physician's opinion due to being "inconsistent with other substantial evidence in the case record"); *Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004) (finding that the ALJ correctly gave the treating physician less weight, in part, because the physician's treatment records did not support a finding of limitations as severe as the physician later assessed).

### B. Whether the ALJ failed to follow and apply required legal standards

Abanathy also contends that the ALJ failed to provide "good reasons" for rejecting Dr. Malla's treating source opinion and also failed to weigh Dr. Malla's opinion pursuant to the factors listed in 20 CFR 404.1527. [R. 24 at 11.]

The Sixth Circuit has stated that, generally, "an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a 'nonexamining source'), *id.* § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a 'treating source') is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a 'nontreating source'), *id.* § 404.1502, 404.1527(c)(2). *Gayheart*, 710 F.3d at 375–76. The Sixth Circuit explained the process of according weight to a certain opinion as follows:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.,* as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir.2004).

*Id*. As for the factors under § 404.1527, the Sixth Circuit has instructed that the "ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide 'good reasons' for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017), *cert. granted sub nom. Biestek v. Berryhill*, 138 S. Ct. 2677, 201 L. Ed. 2d 1070 (2018) (citing *Francis*, 414 F. App'x at 804); *see also Perry v. Comm'r of Soc. Sec.*, 734 F. App'x 335, 339 (6th Cir. 2018) ("Where an ALJ does not give controlling weight to a treating source opinion, it weighs that opinion in light of the regulations, using the factors in 20 C.F.R. § 404.1527(c)(2)-(6). This does not require an 'exhaustive, step-by-step analysis,' but merely 'good reasons' for the ALJ's weighing of the opinion").

Here, the ALJ met the "good reasons" requirement. First, the ALJ stated that Dr. Malla's opinion was "not afforded controlling weight because the evidence does not include supporting treatment notes." [R. 11-2 at 16.] In detail, the ALJ explained that despite the fact that Dr. Malla

7

has privileges at Lourdes Hospital, the records submitted from Lourdes Hospital merely "document that the claimant has a mild antalgic gait and that she requires physical therapy and conservative treatment measures," and the imaging did not "suggest a severe physical impairment." [*Id.* (citing R. 11-7 at 16-54, 57-79).] Second, the ALJ stated that Dr. Malla's opinion "is not afforded great weight because it is inconsistent with the evidence of the record." [*Id.*] Specifically, the ALJ explained that Abanathy "worked with back pain for years," "reports significant improvement in her pain to her physicians and they continue her medication regimen, as it is effective," and despite the fact that Abanathy "continued to complain of improved back pain" in the most recent medical records, those records also show that "she exhibits no significant physical limitations upon examination." [*Id.* at 16-17 (citing R. 11-7 at 336-38, 437-38).]

In contrast to the ALJ's conclusion, Abanathy argues that Dr. Malla's opinion was consistent with the substantial evidence of the record because Dr. Malla referred to his comprehensive initial exam, previous MRI imaging, and the office notes of Dr. Clint Hill—the doctor who evaluated Abanathy's lower back and leg pain, interpreted the MRI, and referred Abanathy to the Pain Management Center. [*Id.*] However, as emphasized by the Magistrate Judge, Dr. Malla relied on the same MRI impressions and the same office notes of Dr. Hill as Dr. Reed—who concluded that Abanathy is capable of activities at the medium exertion level. [R. 11-3 at 47-49 (Reed RFC Explanation).] The absence of any statement or finding amongst these records suggesting that Abanathy is limited to sedentary work led the ALJ to conclude that that "[t]here is no evidence to support the severe limitations Dr. Malla assessed" and afford his opinion little weight. [R. 11-2 at 17.] Furthermore, the multiple statements that her condition was under control and possibly improving ultimately led the ALJ to find Dr. Reed's opinion as

8

consistent with the evidence of the record and afford it "great weight." [*Id*.] Also, even if there was substantial evidence supporting Dr. Malla's opinion, "under the substantial evidence standard, the Commissioner's non-disability finding is 'not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.'" *Mixon v. Colvin,* 12 F. Supp. 3d 1052, 1064 (S.D. Ohio 2013) (quoting *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1996)). Thus, the Court finds that the ALJ provided "good reasons" supported by specific evidence in the record, and the ALJ's findings must be affirmed.[3]

## Conclusion

In summary, after engaging in the appropriate inquiry, the Court finds that the findings of the ALJ were supported by substantial evidence and the ALJ applied the correct legal standards.[4] Thus, the Court will **ADOPT** the Magistrate Judge's Report and Recommendation, [R. 22], and **OVERRULE** Abanathy's Objection, [R. 24].

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

February 19, 2019

cc: Counsel of Record

---

[3] Abanathy further claims that the ALJ did not properly consider Dr. Malla's expertise as a pain specialist in her consideration of the factors under § 404.1527. [R. 24 at 15.] However, as previously explained, "the ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide 'good reasons' for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion"—which the ALJ did in this case. *Biestek*, 880 F.3d at 785.

[4] Abanathy also faults the ALJ for failing to "discuss or appreciate the particular type of symptoms in the form of pseudo or neurogenic claudication applicable to Ms. Abanathy . . .." [R. 24 at 11.] Yet, as pointed out in the Commissioner's Fact and Law Summary, none of Abanathy's medical providers have diagnosed her with this condition, nor was the Court able to find any reference to either condition in the medical records before it.